# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR JOSEPH BREWER, | |
| Petitioner, | 2:11-cv-01734-JCM-VCF |
| vs. | **ORDER** |
| BRIAN E. WILLIAMS, SR., *et al.*, | |
| Respondents. | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which petitioner, a state prisoner, is proceeding *pro se*. On February 9, 2012, the court ordered petitioner to submit either a motion for leave to proceed *in forma pauperis* or the $5.00 filing fee. (ECF No. 4.) Petitioner has filed a motion for an extension of time in which to file the required financial documents and has simultaneously submitted those documents for the court's review. (ECF No. 6.) The court grants petitioner's motion for an extension of time and allows petitioner to proceed *in forma pauperis*.

Petitioner challenges the legality of his sentence imposed for his Nevada state conviction of possession of a stolen vehicle. Petitioner argues that his adjudication as a habitual criminal violated the Fourteenth Amendment and that the trial court lacked jurisdiction to impose his sentence. Petitioner expressly raises his claims pursuant to 28 U.S.C. § 2241.

The Ninth Circuit Court of Appeals has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when

1   the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002,
2   1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th
3   Cir. 2010).  In this case, petitioner is undisputably in custody pursuant to a state court judgment.
4   Therefore, petitioner may not proceed under § 2241, but may only proceed with a habeas action in
5   federal court under 28 U.S.C. § 2254. Petitioner filed a petition under 28 U.S.C. § 2254 in case 2:11-cv-
6   1556-PMP-PAL approximately one month before filing the instant petition, raising the same claims he
7   raises here.[1]  Accordingly, the court dismisses the petition filed in the instant case pursuant to § 2241
8   for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that petitioner's motion for extension of time (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED for lack of jurisdiction.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this  11th  day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Even if this court were to construe the instant petition as a § 2254 petition and further construe it as a motion to amend the previously filed § 2254 petition under *Woods v. Carey*, 525 F.3d 886, 888-90 (9th Cir. 2008) (holding that where a new *pro se* habeas petition is filed before the adjudication of a prior habeas petition, the new petition should be construed as a motion to amend the pending petition rather than as a successive application), such a construction would be of no benefit to petitioner because he raises the same claims in his instant petition as he raises in his petition filed in 2:11-cv-1556-PMP-PAL.